## John M. Foster *et al.*, Petitioners, *versus* Nathaniel Fifield.

After the death of an intestate, leaving a widow and children, the widow married a second husband, and died ; and, after her death, the estate of the intestate came into the hands of his administrator. It was *held*, that the intestate's children were not entitled exclusively to such estate, but that the administrator of the widow was entitled to one third of it as her distributive share.

Money received by an administrator from the government of the United States, by means of a treaty with a foreign nation, as an indemnity for loss of property taken from the intestate by such foreign nation, is to be administered as assets of the intestate's estate.

The petition of John M. Foster, of Waterville, in Maine, and Thomas W. Foster, of the city of Boston, repre-

Foster
*v.*
Fifield.

sents, that on August 28, 1819, Ezekiel Merrill, of Boston, died intestate, leaving a widow, Elizabeth Merrill, and seven children ; that on September 13, 1819, letters of administration on his estate were granted to the widow, and that the estate was represented insolvent, and that all the assets which came ·to her hands were duly administered ; that on June 26, 1821, she intermarried with John M. Foster, one of the petitioners ; and that on July 5, 1826, she died, leaving John M. Foster and two children, the issue of her marriage with him, surviving ; that on April 15, 1833, letters of administration *de bonis non* upon the estate of Ezekiel Merrill were granted to Fifield ; that on April 14, 1835, Fifield, in his capacity of administrator, claimed and received from the United States $1,311 in money, and eight certificates for the payment of $8,653·77 at a future day, for the amount of moneys awarded by the commissioners of the United States, to be owing and payable to the administrator of Merrill under the convention made July 4, 1833, between the United States and the king of the Two Sicilies ; that on April 27, 1835, Fifield, as administrator, returned an inventory into the Probate Court, in which the money and certificates above mentioned were stated as the whole of the intestate's estate which had come to Fifield's hands, and the same were appraised at $8,977·39 ; that on November 16, 1835, Fifield presented the first account of his administration, resulting in a balance of $8,258·48 ; that on the same day the judge of probate allowed the account, and decreed that the balance should be wholly paid and distributed to and among the seven children of Merrill, and their assigns, to the entire exclusion of the representatives and heirs of Elizabeth Foster, the widow of Merrill ; that on April 11, 1836, Thomas W. Foster, one of the petitioners, was appointed administrator on the estate of Elizabeth Foster ; that the allowance of Fifield's account and the decree of distribution thereon, were made without any notice being ordered by the judge of probate, or given by Fifield ; that until March 8, 1836, John M. Foster had no knowledge that Fifield had rendered or intended to render his administration account, nor that any decree for the allowance of the account, or for the distribution of the estate in Fifield's

hands, had been made ; that one third part thereof belonged <span style="float:right">Foster<br>*v.*<br>Fifield</span> o the widow·of Merrill, and that John M. Foster, as her husband, ought to receive such third part, either by his own hand or by the hand of the administrator on her estate ; and that Thomas W. Foster, until just before his application for letters of administration on the widow's estate, was wholly ignorant of the matters above stated ; that the petitioners are aggrieved by the acts of the judge of probate, done on November 16, 1835, in allowing Fifield's account without notice to the petitioners, and in decreeing, without notice to them, a distribution of Merrill's estate wholly among his children and their assigns, to the exclusion of his widow's heirs and representatives ; and that without fault on the part of the petitioners, they omitted to claim an appeal according to law, from these decrees of the judge of probate ;—wherefore they pray this Court, sitting as the Supreme Court of Probate, to allow an appeal from these acts of the judge of probate, to be entered and prosecuted with the same effect as if it had been done in due season.  The petition was filed in the clerk's office on October 19, 1836.

*W. D. Sohier*, for the petitioners.                              *March 16th*

*Choate* and *Crowninshield*, for the respondent.

SHAW C. J. delivered the opinion of the Court.  Author- *March 19th* ity is given to this Court, by the Revised Statutes, to allow an appeal from the decree of a judge of probate to be entered within one year after passing the decree, where the party aggrieved has been prevented, without default on his part, from prosecuting his appeal in the regular mode prescribed by law.  Revised Stat. *c.* 83, § 39, 40, 42.  The Court are satisfied, from the evidence exhibited, that the petitioners had no notice of the decision complained of, in season to enter a regular appeal, and ought to have a right to appeal, if the decree was erroneous.

The decree was erroneous, so far as it ordered a distribution amongst the children of Ezekiel Merrill without regard to the rights of his widow.  The statute of distributions in re spect to the estates of intestates, is as explicit in giving one third of the personal property after payment of debts, to the

widow, as in giving two thirds to the children or their repre-sentatives.

The right to one third of the property is a vested interest, and not defeated or affected by a subsequent marriage or death of the widow before actual distribution, and the decree of distribution, when made, relates back to the original right. If she marries, and afterwards a decree of distribution is made, the second husband may claim the property as he may any other chose in action of the wife. If she dies, he not having reduced it to possession, it goes to her administrator ; and though the administrator be the surviving husband, who is her sole distributee of the residue of her personal property, still he collects the distributive share coming to her, in his capacity of administrator, and not as husband in his own right. Here the administrator of Mrs. Foster was appointed at the request of the surviving husband, and, as such administrator, is enti-tled, on distribution, to one third of the residue of the intes-tate's estate from Fifield, the administrator *de bonis non*.

The objection taken to this is, that this money obtained from the king of the Two Sicilies, by means of a treaty made by the government of the United States, was a new acquisi-tion, and not a part of the assets of the intestate's estate. This proposition is not tenable. Fifield received it as admin-istrator, as trustee for all entitled, first for creditors, and then for distributees or heirs. It is in the nature of a debt due to the intestate at the time of nis decease, but collected after-wards, through the mediation of the government.

The decree of the judge of probate, in so far as it ordered a distribution to the children of Ezekiel Merrill alone, to the exclusion of the representative of the widow of the intestate, was erroneous, and to this extent must be set aside. The petition is allowed and the appeal sustained. The decree of distribution is reversed in the particular above specified ; in other respects it is affirmed, and the proceedings are remitted to the judge of probate for further proceedings.